[Cite as *State v. Harris*, 2020-Ohio-4699.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-20-1022

     Appellee                                    Trial Court No. CR0201302315

v.

Patrick Lamont Harris                          **DECISION AND JUDGMENT**

     Appellant                                    Decided:  September 30, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Patrick Harris, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Patrick Lamont Harris, filed this accelerated appeal from the December 18, 2019 judgment of the Lucas County Court of Common Pleas denying his motion to withdraw his guilty plea.  For the reasons which follow, we affirm.  On appeal, appellant asserts a single assignment of error:

Assignment of Error I: Judge Linda J. Jennings abused her discretion when she denied Appellant [sic] motion to withdraw his guilty pleas.

{¶ 2} On October 14, 2014, the trial court convicted and sentenced appellant following acceptance of his guilty plea to a lesser included offense of first degree involuntary manslaughter, a violation of R.C. 2903.04(A) and (C). Appellant did not appeal the judgment, and we denied his motion for a delayed appeal on September 18, 2019, finding the sentencing court gave appellant notice of his appeal rights under R.C. 2953.08. Appellant did not appeal from the September 18, 2019 judgment either. On December 4, 2019, appellant filed a Crim.R. 32.1 motion to withdraw his guilty plea. The trial court denied the motion on December 18, 2019. Appellant appeals.

{¶ 3} In his motion to withdraw his guilty plea, appellant asserts his guilty plea was unknowingly, unintelligently, and involuntarily made, and constituted a breach of the plea agreement. He acknowledges the plea agreement provided notice that appellant had a right to appeal his conviction and sentence. Appellant asserts that because the trial court did not appoint appellate counsel, appellant was not fully advised of his appellate rights and, therefore, he failed to timely file a notice of appeal. The trial court found the motion not well-taken.

{¶ 4} After sentencing, the judgment of conviction may be set aside to allow the filing of a motion to withdraw a plea only if necessary to avoid a manifest injustice. Crim.R. 32.1; *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623,

2.

¶ 15.  However, the doctrine of res judicata bars a defendant from asserting a Crim.R. 32.1 claim after sentencing if the defendant could have, but failed, to raise the claim on direct appeal.  *Id*.  In this case, appellant already raised the issue of whether the trial court gave him proper notice of his appeal rights and should have appointed appellate counsel in his motion for a delayed appeal and we rejected the claim.  Therefore, we find appellant's sole assignment of error not well-taken.

{¶ 5} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.        

Arlene Singer, J.        

Christine E. Mayle, J.        
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

| This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/. |
| --- |